# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                     **MEMORANDUM OPINION AND ORDER**

Rena Lakina Kennedy, a/k/a Nene          Criminal No. 10-338(3) ADM/JSM

        Defendant.

---

Thomas M. Hollenhorst, Esq., United States Attorney's Office, Minneapolis, MN, for Plaintiff.

Rena Lakina Kennedy, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for a ruling on Rena Lakina Kennedy's ("Kennedy") Motion for Sentence Reduction pursuant to 18 U.S.C.S. § 3582(c)(2) [Docket No. 184] ("Motion"). For the reasons set forth below, Kennedy's Motion is denied.

## II. BACKGROUND

On March 21, 2011, Kennedy pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base. Plea Agreement [Docket No. 121]. Kennedy's offense was subject to a mandatory minimum sentence of 120 months of imprisonment under 21 U.S.C. § 841(b)(1)(A). On July 19, 2011, Kennedy was sentenced to the mandatory minimum sentence of 120 months. Sentencing Judgment [Docket No. 163]. Kennedy now moves for a sentence reduction under the amended cocaine base guidelines.

## III. DISCUSSION

Under 18 U.S.C. § 3582(c)(2), a prison sentence may be reduced if the United States

Sentencing Commission has subsequently lowered the sentencing range. On November 1, 2011, the Sentencing Commission amended its Policy Statement § 1B1.10 and lowered the base offense levels applicable for offenses involving cocaine base. This amendment has retroactive application, but it is not applicable here because Kennedy was sentenced to the statutory mandatory minimum sentence. Under the United States Sentencing Guideline ("U.S.S.G.") § 5G1.1(a), "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(c)(2) further states than an imposed sentence cannot be "less than any statutorily required minimum sentence."

At the time Kennedy committed the offense, the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) for violations involving 50 or more grams of cocaine base was 120 months of imprisonment. The Fair Sentencing Act of 2010 ("FSA") has increased the quantity of cocaine base that is required to trigger the mandatory ten-year sentence from 50 grams to 280 grams. Fair Sentencing Act of 2010 § 2(a)(1). The result of these changes is a reduction in the cocaine sentencing guidelines and an elimination of the mandatory minimum sentence for simple possession. Id. §§ 2–3. However, the FSA is not retroactive because it contains no express statement that it is. United States v. Sidney, 648 F.3d 904, 906 (8th Cir. 2011). Consequently, the general savings statute, 1 U.S.C. § 109, requires the court to apply the penalties "in place at the time the crime was committed." Id.; see also United States v. Smith, 632 F.3d 1043, 1047–48 (8th Cir. 2011).

The amendments to the Sentencing Guidelines in U.S.S.G. § 2D1.1, which became

retroactive on November 1, 2011, have no impact on Kennedy's statutory minimum sentence without express Congressional action making the FSA retroactive. Since Congress has not made the FSA retroactive, the statutory minimum sentence in force when Kennedy committed the offense applies here and requires the imposition of no less than 120 months' imprisonment. Therefore, Kennedy is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) or U.S.S.G. § 2D1.1, and his Motion is denied.

## IV.  CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Kennedy's Motion for Sentence Reduction Pursuant to 18 U.S.C.S. § 3582(c)(2) [Docket No. 184] is **DENIED**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 30, 2011.